FILED

2024 Oct-22  AM 10:23
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

KERRENE MCCOY,                )
                              )
    Plaintiff,        )
                              )
 v.                           )
                              )
JANELL WASHINGTON;            )
SAFEWAY INDIANA, LLC,         )
                              )
    Defendants.       )
                              )
                              )
JANELL WASHINGTON             )
                              )
    Cross-Claim Plaintiff,  )
                              )
v.                            )        7:24-cv-00879-LSC
                              )
SAFEWAY INDIANA, LLC,         )
                              )
    Cross-Claim Defendant.  )
                              )
                              )
DEVIN RHANEY,                 )
                              )
    Plaintiff,        )
                              )
v.                            )
                              )
SAFEWAY INDIANA, LLC,         )
                              )
    Defendant.        )
                              )

1

**MEMORANDUM OF OPINION**

Before the Court are Plaintiff Kerrene McCoy's Motion to Remand (Doc. 5) and Cross-Claim Plaintiff Janell Washington and Plaintiff Devin Rhaney's Motion to Remand. (Doc. 6.) The motions have been fully briefed and are ripe for review. For at least the three reasons stated below, the motions are due to be GRANTED, and this matter is due to be REMANDED to the Circuit Court of Sumter County, Alabama.

## I.   BACKGROUND

Plaintiffs Kerrene McCoy ("McCoy") and Devin Rhaney ("Rhaney") and Cross-Claim Plaintiff Janell Washington ("Washington") (collectively, the "Plaintiffs") bring this action against Safeway Indiana, LLC (hereinafter "Defendant" or "Safeway"). The Plaintiffs are all citizens of Alabama. The Defendant is a limited liability company organized under the laws of Indiana and its sole member, Luis Lopez, is a citizen of Florida.

This action arises from a vehicular accident that occurred on April 1, 2023 in Sumter County, Alabama. A tractor-trailer driven by Diago Palacios Yankiel Alejandro, an employee of the Defendant, collided with a vehicle carrying the Plaintiffs. Washington was the driver, McCoy was a front passenger, and Rhaney was a rear passenger. (Doc. 1, p. 2.)

2

Plaintiff McCoy initiated this action in the Circuit Court of Sumter County, Alabama on April 28, 2023, filing a complaint against Safeway, Washington, and several fictitious parties. (Doc. 1-1.) McCoy alleged state law claims of (1) negligent and/or wanton operation of a vehicle by Alejandro while in the line and scope of employment against Safeway; (2) negligent and/or wanton entrustment against Safeway; and (3) wanton operation of a vehicle against Washington. (*Id.* at p. 2-3.)

On June 12, 2023, Washington filed a cross claim against Safeway (Doc. 1-2, p. 1) and Rhaney filed a complaint in intervention against Safeway (Doc. 1-2, p. 29.) Both filings asserted claims of (1) negligent and/or wanton operation by an employee within the scope of his employment against Safeway and (2) negligent and/or wanton entrustment against Safeway. (Doc. 1-2, p. 2–4; Doc. 1-2, p. 30–32.) McCoy later amended his complaint to add a claim against Washington for negligent operation of a vehicle. (Doc. 10-3.) While in state court, the parties conducted discovery and filed various motions.

On May 2, 2024, Washington filed a motion for summary judgment as to all claims brought against her by McCoy. (Doc. 1-12, p. 54.) This motion did not include a narrative statement of facts as required by state law. *See* AL ST RCP Rule 56(c)(1). In responding to Washington's motion for summary judgment, McCoy did not raise the lack of a narrative summary of undisputed facts. (Doc. 1-12, p. 57.) However, McCoy did ask the Court to set the matter for a hearing and hold the

motion for summary judgment in abeyance while McCoy completed discovery so

he could fully respond to Washington's motion. (*Id.* at 58.) On May 30, 2024, rather

than hold the motion in abeyance, the state court entered an order granting the motion

for summary judgment and dismissing McCoy's claims against Washington. (*Id.* at

p. 79).

Defendant Safeway filed a notice of removal with the Northern District of

Alabama on July 2, 2024, claiming that diversity jurisdiction existed after the state

court granted Washington's summary judgment motion. (Doc. 1.) In response,

Plaintiff McCoy filed a motion to remand (Doc. 5) and Plaintiffs Washington and

Rhaney jointly filed a motion to remand. (Doc. 6.)

## II.    STANDARD OF REVIEW

Generally, a defendant may remove a state-court action to federal court if the

federal court had original jurisdiction over the case. 28 U.S.C. § 1441(a); *see*

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions

that originally could have been filed in federal court may be removed to federal court

by the Defendant."). But federal courts' original jurisdiction is limited, s*ee Kokkonen*

*v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), which creates a

"presumption against the exercise of federal jurisdiction, such that all uncertainties

as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v.*

*Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor*

*Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). "[F]ederal courts are directed to construe removal statutes strictly." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Additionally, for removal to be proper, the notice of removal must be timely filed. The timeliness of removal is a procedural issue, "not a jurisdictional issue." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). If the case was not originally removable, the notice of removal must be filed with the federal district court within thirty days of the defendant receiving notice that the case has become removable. 28 U.S.C. § 1446(b)(3). And a case only later becomes removable by the plaintiff voluntarily amending his complaint or dismissing a non-diverse defendant. *See Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918). Additionally, if the case is removable based on diversity jurisdiction it cannot be removed more than one-year after the complaint was filed, unless the plaintiff acted in bad faith to prevent removal. 28 U.S.C. § 1446(c)(1).

The removing party bears the burden of showing that removal is proper by proving federal subject matter jurisdiction and by timely removing. *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). In the Eleventh Circuit, the defendant's burden of proof for removal is a "heavy one." *Burns*, 31 F.3d at 1095. And failing to comply with either requirement "can fairly be said to render the

removal 'defective' and justify a remand." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999).

In this case, no one disputes that complete diversity of citizenship existed once the state court granted Washington's motion for summary judgment. Further, the parties agree that the amount in controversy exceeds $75,000.

## III.   DISCUSSION

Plaintiffs' motions to remand are due to be granted for three reasons: (1) this case is not removable, (2) the Defendant removed the case outside the one-year deadline under § 1446(c)(1), and (3) the Defendant failed to file its notice of removal within thirty days of the case allegedly becoming removable. The Court will address each issue in turn.

### A. Voluntary Dismissal

Under 28 U.S.C. § 1446, a defendant may remove a case at two points in time. First, a defendant may remove a case within thirty days of receiving a copy of the original complaint if there is federal subject matter jurisdiction based on the face of the complaint or if a nondiverse defendant was fraudulently joined. 28 U.S.C. § 1446(b)(1). Second, a defendant may remove a case "within thirty days after receipt…of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable."

6

28 U.S.C. § 1446(b)(3). When a case was not originally removable due to a nondiverse defendant, it only later becomes removable if the plaintiff voluntarily dismisses or files a nonsuit for the nondiverse defendant. *Great Northern Ry. Co.*, 246 U.S. at 281.

In its notice of removal, the Defendant argues this case became removable when the state court granted Washington's motion for summary judgment, which dismissed Washington as a defendant from the action. (Doc. 1, p. 8.) According to the Defendant, McCoy effectively voluntarily dismissed the claim against Washington by not objecting to Washington's failure to include a narrative statement in her motion for summary judgment. (*Id.* at 9-10.) Defendant further notes that McCoy "has not challenged the granting of summary judgment in Washington's favor" since the state court filed it. (*Id.* at 10.)

But McCoy did oppose Washington's motion for summary judgment. The day after the motion was filed, McCoy filed a response asking the court to hold the motion for summary judgment in abeyance until he could complete more discovery to fully respond to the motion for summary judgment. (Doc. 1-12, p. 57-58.) The state court did not hold the motion in abeyance but instead granted summary judgment to Washington, dismissing her from the case as a defendant. This was not

the voluntary act of McCoy and thus this case did not then become removable within the purview of 28 U.S.C. § 1446(b)(3).

### B. The One Year Deadline

But even if this case did then become removable, Defendant failed to remove within the one-year deadline and the bad faith exception does not apply. When removing based on diversity jurisdiction, a defendant may not remove an action more than one-year after the commencement of the action in state court. 28 U.S.C. § 1446(c)(1). The purpose of this deadline is to "avoid substantial delay in the resolution of cases and to prevent removal after substantial progress has been made in state court." *Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358, 1367 (N.D. Ala. 1997) (internal quotations removed). However, there is an exception to this one-year deadline; namely, if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

The instant action commenced in the Circuit Court of Sumter County, Alabama on April 28, 2023. (Doc. 1, p. 3.) Defendant filed its notice of removal on July 2, 2024, more than one year after the complaint was filed. (Doc. 1.) Thus, unless the Court finds that the Plaintiffs engaged in bad faith to prevent removal, the Defendant's notice of removal is untimely, and remand is proper.

When a defendant removes a case past the one-year deadline, the defendant bears the burden of showing the plaintiff "'acted in bad faith in order to prevent'" removal. *McAdam Properties, LLC v. Dunkin' Donuts Franchising, LLC*, 290 F. Supp. 3d 1279, 1286 (N.D. Ala. 2018) (quoting 28 U.S.C. § 1446(c)). However, "there is very little authority on what bad faith means in the context of the statute." *Id.* at 1285. The statute itself only provides one example of bad faith: when a plaintiff "deliberately fails to disclose the actual amount in controversy." 28 U.S.C. § 1446(c)(3)(B).

Courts in other Circuits have found the bad faith exception is triggered when a plaintiff did not "actively litigate" their claim against a nondiverse defendant. *See Aguayo v. AMCO Ins. Co.*, 59 F.Supp.3d 1225, 1262 (D.N.M. 2014) (finding the bad faith analysis begins with an inquiry into "whether the plaintiff actively litigated against the removal spoiler in state court"). But courts in this Circuit have explicitly rejected this "actively litigated" test for bad faith. *See Hopkins v. Nationwide Agribusiness Ins. Co.*, No. 4:18-CV-00315-KOB, 2018 WL 3428610, at *4 (N.D. Ala. July 16, 2018) ("[T]his court rejects the *Aguayo* test for bad faith.") (citing *McAdam Properties*, 290 F.Supp.3d at 1291). Surveying cases that applied the common law equitable exception to the one-year deadline[1], the court in *McAdam*

---

[1] The bad faith exception to the one-year removal deadline was codified in 2011. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758

*Properties* concluded the bad faith exception is primarily concerned with plaintiffs manipulating litigation to disguise removability. *McAdam Properties*, 290 F.Supp.3d at 1291. For example, in *Tedford*, the Fifth Circuit applied an equitable exception to the one-year removal deadline because the plaintiff engaged in "forum manipulation," not because the plaintiff failed to "actively litigate" her claims. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 (5th Cir. 2003). While this Court is not bound by *Hopkins* and *McAdam Properties*, it is persuaded by and adopts the same reasoning, thereby rejecting the "actively litigated" test for bad faith and instead finding a plaintiff's failure to litigate is one of many factors to consider.

Courts in this Circuit have found "bad faith requires some sort of ***intentional misconduct*** by the plaintiff." *McAdam Properties*, 290 F. Supp. 3d at 1291 (emphasis in original). Intentional misconduct is found when a plaintiff "disguise[s] the existence of the removability of the case until the one-year limitation ha[s] run." *Barnett*, 973 F.Supp. at 1367. For example, in *Hill*, the court found sufficient evidence of intentional misconduct when one year and three months after filing the complaint the plaintiff, without plausible explanation other than bad faith, amended the complaint to increase the amount in controversy beyond the $75,000 federal jurisdiction requirement. *Hill v. Allianz Life Ins. Co. of North America*, 51 F.Supp.3d

---

(2011). Before this codification, courts implemented an equitable exception to the one-year deadline. *E.g., Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 (5th Cir. 2003).

1277, 1282 (M.D. Fla. 2014). Additionally, a plaintiff's manner of litigating claims against a nondiverse defendant is a factor in assessing whether the plaintiff engaged in intentional misconduct. *See McAdam Properties*, 290 F. Supp. 3d at 1288 (remanding the case in part because the plaintiff "vigorously prosecuted" the claims against the nondiverse defendant evidenced by surviving the defendant's motion for summary judgment). *See also Hopkins*, 2018 WL 3428610, at *4 (finding "light discovery"—not deposing either non-diverse defendant and only serving two to four discovery requests on them—did not constitute intentional misconduct).

In weighing evidence of intentional misconduct, the "presumption against the exercise of federal jurisdiction," *Russell Corp.*, 264 F.3d at 1050, leads courts to be slow to "presume" or infer intentional misconduct from circumstantial evidence. *Hopkins*, 2018 WL 3428610, at *4.

Here, Safeway's overall theory of the Plaintiffs' bad faith is that McCoy joined Washington as a defendant for the sole purpose of defeating federal jurisdiction and never intended to pursue the claims against her. Safeway contends this is evidenced by: (1) McCoy not actively litigating his claims against Washington and (2) Washington filing an unsupported, and unopposed by McCoy, motion for summary judgment four days after the one-year deadline passed. This evidence does not satisfy the burden of showing the Plaintiffs' bad faith.

First, Safeway argues McCoy only engaged in "token discovery" in the claims against Washington, which evidenced intentional misconduct. But McCoy served initial discovery requests on Washington. (Doc. 1-1, p. 18-26.) When Washington failed to respond to those discovery requests, McCoy's attorney followed up via email and eventually filed a motion to compel a response. (Doc. 1-11, p. 13; Doc. 1-11, p. 108.) While McCoy's litigation of the claims against Washington may have been limited, it did not constitute bad faith.

Second, Safeway argues the timing and lack of opposition to Washington's motion for summary judgment evidence bad faith. (Doc. 8, p. 8.) Four days after the one-year removal deadline, Washington filed a motion for summary judgment. After filing the motion, Washington's defense attorney emailed Safeway's attorney explaining that he filed a proposed order with the motion for summary judgment and expected the judge to sign it within thirty days. (Doc. 1-13.) McCoy did not object to the lack of a narrative statement in Washington's motion. But McCoy did file a response asking the court to hold the motion for summary judgment in abeyance until he could complete more discovery to fully respond to the motion for summary judgment. (Doc. 1-12, p. 57-58.)

Safeway describes McCoy as effectively voluntarily dismissing the claims against Washington by not directly objecting to the lack of a narrative statement in Washington's motion for summary judgment. (Doc. 8, p. 5.) Further, Safeway

argues the email between Washington and Safeway's attorneys proves that McCoy

and Washington were engaged in a bad faith scheme to prevent removal. (*Id.* at 9.)

But these arguments are undermined by evidence that McCoy did intend to oppose

Washington's motion for summary judgment; namely, McCoy asked for more time

to conduct discovery. (Doc. 1-12, p. 57-58.) If there was a scheme between McCoy

and Washington to voluntarily dismiss the claims against Washington after the one-

year deadline, McCoy would not have asked the court to hold the motion for

summary judgment in abeyance.

Defendant has not met its burden of proving that the Plaintiffs engaged in bad

faith to prevent removal, the one-year deadline on removal applies, and Defendant's

notice of removal was untimely.

## C. The Thirty-day Deadline

Even if this case became removable and the Court excused the one-year

deadline under the bad faith exception, the Defendant's removal is still untimely

because the Defendant did not file its notice of removal within thirty days of it

allegedly becoming removable.

A defendant has thirty days to remove a case from the time it becomes

removable. 28 U.S.C. § 1446(b)(3). The thirty days begin to run once the defendant

receives a copy of "an amended pleading, motion, order or other paper" that

demonstrate removability. *Id.* "[R]emoval statutes," including their deadlines, "should be construed narrowly, with doubts resolved against removal." *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003).

If at all, the present action became removable once the state court entered the order granting the nondiverse defendant Washington's motion for summary judgment on May 30, 2024. (Doc. 1-12, p. 79.) Thus, the deadline for filing a notice of removal was June 29, 2024. However, because June 29, 2024 was a Saturday, the deadline automatically extended to July 1, 2024. *See* Fed. R. Civ. P. 6(a)(1)(C). But Safeway did not file the notice of removal with this Court until July 2, 2024, 33 days after it allegedly became removable. (Doc. 1.)

Safeway asks this Court to excuse missing the thirty-day deadline by finding the deadline was missed because of "excusable neglect."[2] However, for the following reasons, the "excusable neglect" standard does not apply in this context and Safeway's notice of removal is untimely.

---

[2] Safeway proffers to show excusable neglect that counsel attempted to file the Notice of Removal on July 1, 2024, but could not obtain a "dummy file" from the Clerk's Office. (Doc. 8, p. 11–12.) Safeway's counsel apparently attempted to call the Clerk's office to do so on July 1, 2024 but could not reach anyone. (*Id.*) Instead, Safeway filed the notice of removal with the state court on July 1, 2024 and then with the federal district court on July 2, 2024. (*Id.*) However, because this Court finds that the excusable neglect standard does not apply, a discussion of whether this situation qualifies as excusable neglect is not necessary.

First, the removal statute at issue here does not mention "excusable neglect." *See* 28 U.S.C. § 1446. Indeed, the "text of the removal statute plainly and unambiguously requires that a notice of removal shall be filed within 30 days…It does not say that the notice of removal…shall be filed within 30 days unless the removing party shows good cause or excusable neglect." *Charlong v. Home Depot USA, Inc.*, No. 20-60380-CIV, 2020 WL 2988382, at *2 (S.D. Fla. June 4, 2020).

Further, Safeway points to no case law, in this Circuit or elsewhere, where a court applied "excusable neglect" in the context of removal. Rather, the "excusable neglect" standard stems from the context of filing a late appeal. *See* FED. R. APP. P. 4. In Safeway's motion introducing the excusable neglect standard, it states that "courts determine whether an *untimely appeal* should be excused" by assessing a list of factors. (Doc. 8) (emphasis added). Additionally, each of the cases cited by the Defendant that analyzed "excusable neglect" did so in the context of a rule or statute that, unlike the removal statute, explicitly allowed for a court's consideration of excusable neglect. *See, e.g.*, FED. R. APP. P. 4(a)(5)(A)(ii); FED. R. BANKR. P. 9006(b). This Court will not apply an excusable neglect exception to the thirty-day deadline.

Thus, even if this action is removable and Safeway could prove Plaintiffs' bad faith to excuse missing the one-year deadline under § 1446(c), Safeway's notice of removal is still untimely under § 1446(b)(3).

**D. Attorney's Fees**

In his reply brief in support of his motion to remand, McCoy asks this Court, for the first time, to award attorney's fees associated with the costs of the remand under 28 U.S.C. § 1447. (Doc. 10, p. 18.) But "[a]rguments raised for the first time in a reply brief are not properly before the reviewing court." *United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984). Like appellate courts, "district courts…ordinarily do not consider arguments raised for the first time on reply." *Lee v. Monroe Cnty. Heritage Museum, Inc.*, 998 F.Supp.2d 1318, 1323 (S.D. Ala. 2014). Thus, because McCoy raised his argument for attorney's fees for the first time in reply, this Court will not consider the request.

## IV.   CONCLUSION

For the reasons stated above, the Notice of Removal is untimely. Accordingly, Plaintiffs' Motions to Remand (Doc. 5; Doc. 6) are due to be GRANTED, and this case is due to be REMANDED to the Circuit Court of Sumter County, Alabama.

The Court will enter an Order consistent with this Memorandum of Opinion.

**DONE** and **ORDERED** on October 22, 2024.

_____
L. Scott Coogler
United States District Judge

220595